𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WICKHAM & NORTHROP, RECEIVERS, V. LEFTWICH'S
ADMINISTRATRIX.

March 9, 1911.

Absent, Cardwell, J.

1. VERDICTS—*Conflicting Evidence.*—Where the evidence is conflict-
   ing, the verdict of the jury is conclusive on questions of fact
   submitted to them.
2. EVIDENCE—*Order of Introduction—Discretion of Trial Court.*—
   The trial court has a large discretion with respect to the order
   in which testimony is to be admitted before it, and if this dis-
   cretion is subject to control by this court in any case, the case
   at bar is not a proper case for the exercise of the right.
3. APPEAL AND ERROR—*Instructions—When Unnecessary to Pass
   On.*—It is unnecessary to pass on the propriety of an instruc-
   tion given at the instance of the defendant where the verdict
   is for the plaintiff. The defendant cannot complain of an
   instruction given at his instance, and the plaintiff in such case
   is not aggrieved by it.
4. INSTRUCTIONS—*Conflicting—Opposing Theories—Case at Bar.*—
   The instructions given in the case at bar are not necessarily
   in conflict but are reconcilable the one with the other. They
   represent the opposing theories of the plaintiff and the defend-
   ants in the court below.

Error to a judgment of the Law and Equity Court of the
city of Richmond in an action of trespass on the case.
Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*A. B. Guigon, H. W. Anderson* and *Harold S. Bloomberg,* for the plaintiffs in error.

*Edgar B. English* and *O'Flaherty & Fulton,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This suit was brought to recover damages for the death of the plaintiff's decedent, Robert H. Leftwich, which it is alleged was caused by the negligence of the Virginia Passenger and Power Company.

Leftwich was a passenger upon the Main street line of the Passenger and Power Company. The car which he occupied was moving rapidly from west to east. He stood upon the rear platform with three other passengers, and all four of them, as they approached Laurel street where another street car track runs north and south across Main street, asked for transfers to the north, and one of them rang the bell for the car to stop. The car came to a momentary stop at the intersection of Laurel and Main streets, which is a regular stopping place, and the passengers who desired to do so proceeded to leave the car. Two of the four persons referred to got off the rear platform, and a Mr. Miller, who was the third to leave the car, testifies that immediately behind him came Leftwich, and that just as he (Miller) put his foot upon the ground the car started off with a jerk; that he reached the ground in safety, but immediately thereafter Leftwich was found lying a short distance to the east of the east curb of Laurel street. There is a good deal of conflict in the testimony as to the precise point at which the car stopped—whether with the front of the car near the center of Laurel street, or opposite the western curb—but we do not deem this at all material to the issue in the case, which is, whether or not, the car having come to a stop at Laurel street and passengers having pro-

ceeded to alight from the car, a reasonable time was allowed them to do so in safety.

We are of opinion that the evidence of Miller, corroborated by that of Mrs. Weisiger, a lady who chanced to be sitting upon the porch of a house upon Main street near the street crossing, tends to show that while Leftwich was in the act of alighting from the car at Laurel street, at which point the four passengers upon the rear platform had received transfers to the Laurel street line, and, in addition to its being a regular stopping place, where the bell had been rung to warn the conductor that passengers intended to leave the car, he was thrown from the car by its being suddenly and rapidly moved forward; and that this evidence should go to the jury, that they may say whether or not the injury sustained was due to a negligent act upon the part of the company which should be compensated in damages.

The theory of the plaintiffs in error is that they were guilty of no negligence; that a sufficient time was allowed to the passengers to leave the car; and that the injury which resulted in the death of Leftwich was due to his own contributory negligence in undertaking to step from the car while it was in motion, or that, being intoxicated, he accidentally fell from the car without fault upon the part of the plaintiffs in error.

There is a good deal of evidence tending to show that Leftwich was intoxicated, and that the car was stopped a sufficient time to enable passengers to leave it in safety; but all these issues as matters of fact are concluded by the verdict of the jury.

At the trial exception was taken to the action of the court in allowing one of the plaintiff's witnesses to testify in rebuttal with reference to the point at which the car stopped, after having fully testified thereto in his original examination.

We have frequently held that the trial court has a large discretion with respect to the order in which testimony is to be admitted before it, and while we have never held that this court will in no case undertake to control that discretion, we do not find in the record before us any occasion to depart from the practice usual in such cases. This ground of error is, therefore, overruled.

The court instructed the jury, at the instance of the plaintiffs in error, that "so far as this case is concerned the law imposed no duty on the conductor of the car in question to remain upon the rear platform after the car was started, so as to stop the car or take any other steps to avert an accident should a passenger on the rear platform be placed in a position of danger by reason of his own negligence or otherwise after the signal to start the car was given, unless the conductor actually knew of such peril."

The court gave at the instance of the defendant in error instruction No. 11, as follows: "The jury are instructed that if they believe from the evidence that the defendants' agents in charge of the car knew, or by the exercise of reasonable care could have known, that the plaintiff's intestate was making the attempt to alight from the car, and by the exercise of the highest degree of care could have prevented the accident, and did not do so, then the jury should find for the plaintiff."

The two instructions are not necessarily in conflict, but are reconcilable the one with the other. They represent the opposing theories of plaintiff and defendants in the court below. If the jury should be of opinion from the evidence (and we have seen that there was evidence to sustain that view of the case) that the plaintiff's intestate was in the act of alighting from the car when it was suddenly moved forward by the order of the conductor without allowing him a reasonable time to alight in safety, then the defendants were guilty of actionable negligence. If,

on the other hand, a reasonable time having been allowed and the car having proceeded upon its way, it may be conceded for the purposes of this case, though we do not find it necessary to decide, that there was no longer any duty upon the conductor to care for the safety of a passenger on the rear platform, placed in a position of danger by reason of his own negligence or otherwise after the signal to start the car was given, unless the conductor actually knew of such peril. We do not find it necessary to decide the question, because the instruction having been given at the instance of the plaintiffs in error they cannot complain, and the defendant in error having prevailed in the court below is not aggrieved; therefore, there is no issue before us as to the propriety of that instruction, except to determine whether or not there was such conflict between it and instruction No. 11, given at the instance of defendant in error, as would tend to mislead the jury.

We are further of opinion that there was no error in the action of the trial court in refusing to set aside the verdict for after-discovered evidence; and upon the whole case we are of opinion that its judgment should be affirmed.

*Affirmed.*